**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


STEVEN DUANE CURRY,

      Plaintiff,

v.                                  No. 2:17-cv-1079 RB-GJF

STATE OF NEW MEXICO,

      Defendant.


**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Before the Court is Steven Duane Curry's Complaint (Doc. 1), supplemented by approximately 21 appendices, affidavits, and similar filings. Also before the Court is Curry's Motion for Leave to Proceed *In Forma Pauperis* and Motion for Summary Judgment (Docs. 9, 10). Curry is an inmate at the Otero County Detention Center. He appears to raise civil rights claims under 42 U.S.C. § 1983. After reviewing the matter *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the Court will grant the *in forma pauperis* application, deny the Motion for Summary Judgment, dismiss the Complaint, and grant leave to file an amended complaint.

**I.**    ***In Forma Pauperis* Motion**

As an initial matter, Curry filed an *in forma pauperis* motion seeking to prosecute this civil action without prepaying the $400.00 filing fee. *In forma pauperis* motions are governed by 28 U.S.C. § 1915, which provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. 1915(a)(1). Subsection (b) adds that where, as here, a prisoner files a civil action, the Court cannot waive the fee in its entirety. Instead, *in forma pauperis* status reduces the fee to $350.00 and allows the prisoner to pay in installments.

Curry's financial information reflects that he is unable to prepay the filing fee in this action. The Court will therefore grant the *in forma pauperis* motion and waive any requirement for an initial partial payment. *See* 28 U.S.C. § 1915(b)(1). Going forward, Curry is still "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" until he pays the full $350.00. 28 U.S.C. § 1915(b)(2).

## II.    Section 1915 Review

### A.  Standards Governing Sua Sponte Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating an *in forma pauperis* complaint, the Court has the unusual power to

pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Instead, the Court may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

Finally, in reviewing a *pro se* complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992). However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a *pro se* plaintiff must abide by the applicable rules of court. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories or supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

### B.      Factual Allegations

Curry alleges that the State of the New Mexico and other state actors violated his constitutional rights in connection with his arrest and prosecution for aggravated assault on a peace officer. (*See* Doc. 1 at 1.) *See also State v. Curry*, D-1215-CR-2017-00473.[1] The Complaint alleges various instances of wrongdoing by the State and the District Attorney, including:

- Failing to prosecute Curry "within the required 72 hours of his false arrest";

- Failing to provide Curry with "his Due Process of Land";

---

[1] The Court took judicial notice of the State Court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (the Court has "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

- Committing multiple violations "[a]gainst [Curry's] unalienable, natural, and Constitutional rights under color of law, pursuant to . . . 42 U.S.C. 1893";[2]

- Proceeding against Curry and violating his rights for "purposes of concealing the State's criminal trespass, kidnapping, falsifying [Curry's] arrest, and wrongful imprisonment";

- Committing fraud on the State Court by "filing . . . false affidavits, incident reports, and hearsay evidence submissions to a grand jury";

- Tampering with witnesses, the jury, and the evidence;

- Obstructing commerce, trade, and justice, and acting in contempt of the United States Supreme Court;

- Filing a criminal complaint that fails to state a claim upon which relief may be granted;

- Violating the provisions of 28 U.S.C. § 455, which pertain to disqualification of a federal judge; and

- Failing to protect and safeguard Curry's life.

(*See* Doc. 1 at 2–4.) Curry also appears to assert these constitutional claims against District Attorney David J. Hunter, unnamed Otero County Sheriff's Deputies, and Mrs. Roxanne B. Esquibel.[3] (*Id.* at 3.)

Based on the alleged wrongdoing, Curry seeks money damages equal to "$1,086 per minute for each and every minute of [Curry's] false detention and arrest . . . ." (*Id.* at 4.) These damages also purportedly include injuries sustained by Curry, including trauma to his head, neck, back, and finger. (*Id.*) It is not clear whether Curry sustained the injuries during the arrest or while he was incarcerated.

---

[2] The Court assumes Curry means 42 U.S.C. § 1983, and that the reference to "1893" was a scrivener's error. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the only "remedial vehicle for raising claims based on the violation of constitutional rights").

[3] Mrs. Esquibel's involvement is unclear.

**C. Analysis**

  **1. Supplemental Filings and Motions**

Following the initial Complaint, Curry filed about 21 supplements, appendices, letters, and affidavits, which average about 30 pages each. (*See* Docs. 4–8, 11–26.) Many of the supplemental filings are illegible, unintelligible, or unrelated to Curry's § 1983 claims. For example, the filings include: a habeas corpus petition (Docs. 5, 7); a "Petition for Exact <u>Bill</u> <u>Of</u> <u>Particulars</u>" (Doc. 8); a motion to suppress evidence (Doc. 14); and a "Petition for Mercy & Grace" (Doc. 17). Curry did not seek permission to file any supplemental pleadings as required by Fed. R. Civ. P. 15(d). Based on this failure, and because consideration of hundreds of pages of supplements would impede the Court's screening function, the Court will strike the supplemental filings (Docs. 4–8, 11–26) and limit its review to the Complaint (Doc. 1). If Curry wishes to pursue additional relief that is outside the scope of this suit, (*e.g.*, habeas corpus relief under 28 U.S.C. § 2254), he may file a separate action on the appropriate *pro se* form.

The Court will also deny Curry's Motion for Summary Judgment (Doc. 10) without prejudice. Much of the motion is illegible, and the discernable portions do not conform to the summary judgment rules contained in Fed. R. Civ. P. 56. Further, the Court generally cannot entertain a motion for summary judgment until it determines whether the case survives initial review under 28 U.S.C. § 1915. *See Dews v. Cty. of Kern*, 599 F. App'x 681, 682 (9th Cir. Mar. 27, 2015) ("The district court properly denied [inmate's] motions for summary judgment as premature" where it was filed before the complaint had been screened under § 1915).

  **2. Screening the Complaint**

Curry appears to argue that Defendants violated his constitutional rights by arresting, prosecuting, and incarcerating him. Section 1983 of Title 42 is the only "remedial vehicle for

raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Curry's Complaint does not state a cognizable claim for three reasons. First, the Complaint does not comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. Instead of clarifying "whom plaintiff[] [is] suing for what wrong," the handwritten submission is "filled with unnecessary legal arguments" based on historical documents such as the Magna Carta and the Declaration of Independence. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Baker v. City of Loveland*, 2017 WL 1485006, at * 1 (10th Cir. April 26, 2017) (affirming dismissal of a pro se plaintiff's complaint under Rule 8 because it "lack[ed] clarity about what each defendant allegedly did to incur liability").

Second, the Complaint does not name a defendant subject to liability. Most of the allegations pertain to the State of New Mexico, which is not a "person" subject to suit under § 1983. *See McLaughlin*, 215 F.3d at 1172 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The other alleged primary wrongdoer, prosecutor David Hunter, is absolutely immune from suit for actions "taken in connection with the judicial process," including initiating a prosecution and presenting the State's case. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

6

Although the Complaint refers to additional individuals, they are either not identified by name or do not appear to be connected to the alleged wrongdoing. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Finally, Curry's primary claims appear to be barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the district court must dismiss any § 1983 claim that, if resolved in plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Heck*, 512 U.S. at 487. Although it is difficult to follow all of Curry's allegations, the complaint explicitly seeks damages for "each and every minute of [his] false detention and arrest . . . ." (*See* Doc. 1 at 4.) Such an award would require the Court to treat his criminal proceeding as invalid, and Curry therefore cannot recover damages for any claim that he was wrongfully convicted or sentenced. *See Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999).

Based on the foregoing, the Court will dismiss the complaint (Doc. 1) and grant Curry leave to file a single amended civil rights complaint on the proper form. *See Hall*, 935 F.2d at 1110 n. 3 (noting that "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). Curry is warned that any claims challenging the conviction and sentence must be brought in a separate habeas proceeding and cannot be asserted in this civil rights action. The Court also advises that if Curry wishes to assert claims based on alleged injuries and/or lack of care in prison, the deprivation must be objectively serious, and the prison official must have "a sufficiently culpable state of mind." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (quotations omitted) (setting out the two-part test).

If Curry declines to timely file an amended complaint or files an amended complaint that

similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

 **IT IS THEREFORE ORDERED** that Curry's *in forma pauperis* application (Doc. 9) is **GRANTED**; the initial partial payment is waived; and starting February 15, 2018, Curry shall make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

 **IT IS FURTHER ORDERED** that Curry's Motion for Summary Judgment (Doc. 10) is **DENIED without prejudice**.

 **IT IS FURTHER ORDERED** that Curry's Complaint (Doc. 1) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

 **IT IS FURTHER ORDERED** that Curry may file a single amended complaint on the Court's official form no later than **February 15, 2018**; and the Clerk of Court shall send to Curry a copy of the form Civil Rights Complaint and the form Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254.

 **IT IS FINALLY ORDERED** that the Court **strikes** Curry's supplemental filings (Docs. 4–8, 11–26), **without prejudice** to Curry: (a) including any relevant supplemental allegations in his single amended complaint; and/or (b) requesting habeas corpus relief in a separate proceeding.

            _____
            ROBERT C. BRACK
            UNITED STATES DISTRICT JUDGE