Date: 15 JAN. 2017

Curry; Steven Duane ©
OCDC C-101 #38970
Alamogordo, NM [88310]

To: Clerk of Court & District Attorney
Twelfth Judicial District
c/o Matthew J. Dykman
Clerk of Court
US Federal District Court, Rm. 270
333 Lomas Blvd. NW
Albuquerque, NM 87102

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 19 2018
MATTHEW J. DYKMAN
CLERK

RE: New Mexico v. Curry: D-1215-CR-00473 (TBD)
New Mexico v. Curry: M-1215-ER-00036 (TBD)
FEDERAL CASE No. # 2; 17-CV-01079 RB-GLF (1am)
CURRY V. NEW MEXICO, ET AL

SUBJECT: Affidavit / Notice / Petition For Immediate Discharge, Dismissal, Set-off & Settlement of State & Judicial Charges & Allegations, Pursuant Title 42 US 1983; 18 USC 241 & 242; 15 USC 1 & 2; XI Amendment

Let this Court of Record be Amended to show, that;

1. Given the State of New Mexico is neither a "Suable Entity," or an "Entity That can bring suit," as per Title 42 USC 1983, wherein, the State is Not a 'Person,' but an "Artificial Entity," a "Fiction of the Mind," a "Corporeal Entity," a "Corporation," an "Artiface," as defined & described by Black's Law Dictionary, 8th Edition;

Notice to Agent is Notice to Principal! Notice to Principal is Notice to Agent! # Maxim of Law & // Section 1983 of Title 42 is the only "remedial vehicle for raising claims on the violation of Constitutional rights"; Brown v. Buhman

AND THAT:

2. DISTRICT ATTORNEY, DAVID J. HUNTER, is a "JUDICIAL OFFICER" in his official capacity, and he, like the State of New Mexico, is Not a suable entity, and like the State he re-presents, he CANNOT bring a suit, nor can he pro-se-cute, or "Commence any actions against one of the United States in any court of law or equity, (as he is, by Oath,) a citizen & subject of a foreign government & power." — XI Amendment;

And that:

3. District Attorney, DAVID J. HUNTER, AS A "JUDICIAL OFFICER," is forbidden & prohibited from acting as a "State officer," a "Government official," a "Public Servant," an "Executive Officer," a "Law Enforcement officer," a "Peace Officer," or to hold any office under any color of State Law; pursuant Title 42 USC 1983;

And that:

4. As a member-officer of the State & US JUDICIARY, David J. Hunter, is forbidden & prohibited from impersonating a "Crime Victim," "witness," "informant," "injured party," "Plaintiff," or "State Investigator," "hired gun," "Mercenary," "Bounty Hunter," "Militia," or other notable & notorious public offices;

The primary wrongdoer, prosecutor David Hunter, in his willfull & intentional criminal trespasses as a "Law Enforcement official" and alleged "Peace Officer," was well outside his official capacities as a "Judicial officer!" As such, David Hunter does not have, nor does he deserve immunity from prosecution by the State!

"A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." — McLaughlin v. Bd. of Trs (10th Cir. 2000). "There must also be a connection between the official conduct and the constitutional violation." — Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008); TRASK

And that;

5. For the same reasons, causes, and prohibitions, District Attorney, Roxeanna B. Esquibel, Esq., is also Not a sueable entity, and she may not bring suit against this Living Affiant in or on behalf of David J. Hunter, pursuant the "Fruit of the Poisonous Tree Doctrine," and nor can she collaterally attack the Affiant under her own color of State Law;

And that;

6. Given the fact that David J. Hunter is no Longer available to bear witness, or to give testimony against the affiant, and that, his individual, personal, and official credibility & reputation are now in the toilet, the State's charges & allegations against the Affiant should be declared moot, null & void, and dismissed with great prejudice, and all without further SALE, DENIAL, DELAY, PERVERSION, CONVERSION, USURPATION, DEPRIVATION, OR OBSTRUCTION, AS PURSUANT TO THE VII AMENDMENT PROHIBITIONS AGAINST CRUEL, UNUSUAL, AND INHUMANE TREATMENT & IMPRISONMENT!

And That;

7. The Lower District Court is reminded that the Higher US District Court has recognized the Affiant as a Pro-Se Litigant, which prohibits the Lower State District Court from further violating the Affiant's

natural, unalienable, commercial, and Constitutional rights to defend himself against the likes of the 12th Judicial District Attorney Pro-se-cutors, and on a Level playing field; which begins with the IV & V Amendment rights to be secure in his person, properties, papers & effects against all unwarranted searches & siezures! This includes the issuances of his Veteran's Selective Service checks, and all of his correspondences with the courts via the OCDC US Mail Services, and his rights to be released as a protected crime victim, witness, and informant under 18 USC 3771;

And that;

8. This US District Court award the Affiant his full measure of relief & remedy available in a "DEFAULT & SUMMARY JUDGMENT" in favor of the Affiant for each & every minute of his false arrest & wrongful imprisonment; and all without any further SALE, DENIAL, DELAY, or OBSTRUCTION!

It is so, and so it shall be on this, the 115th Day of the Affiant's enslavement as a Political Prisoner & Prize of War!

May God's Grace & Mercy guide your minds, your hearts, and your hands!

[signature]

All Rights Retained

The Affiant's CLAIM has facial plausibility based on the factual content that allows the court to draw a reasonable inference that David Hunter, Raymonna Esquibel, and other defendants are liable for the misconduct alleged! - McLaughlin v. Brd of TRS

Notice to Agent is Notice to Principal! Notice to Principal is Notice to Agent! Notice to Clerk of Court is Notice to District Attorney! "FAILURE TO DENY IS TO ADMIT" - Maximum of Law

Curry, Steven Duane ©
OCDC C-101 #38570
Alamogordo, NM [88310]

DATE: 16 JANUARY 2018

To: DISTRICT ATTORNEY
Twelfth Judicial District / Otero County
c/o Matthew J. Dykman
US Federal District Court, Rm #270
333 Lomas Blvd NW 87102

RE: CURRY V. NEW MEXICO, ET AL
Federal Case No # 2:17-CV-01079 RB-GLF (iam)
# D-1215-17-CR-00473 (TBD) // # M-1215-17-ER-00036 (TBD)

SUBJECT: Affidavit/Petition/Notice & Letter Rogatory For THE IMMEDIATE RELEASE OF THE AFFIANT; THE IMMEDIATE Discharge, DISMISSAL, SET OFF & SETTLEMENT OF ALL STATE & JUDICIAL CHARGES & ALLEGATIONS; AND THE AWARD OF A "DEFAULT & SUMMARY JUDGMENT" PURSUANT THE FOLLOWING UNREBUTTED FACTS & TRUTHS IN EVIDENCE UNDER F.R.E.P. Rule 201;

Let this court of Record show, that:

1. The Affiant has framed his CLAIM with "sufficient factual matter," and that, his "claim for relief is not only plausible on its face, but the factual content would allow any court, or any finder of fact, to draw reasonable inference that the defendant(s) are, indeed, liable for the misconduct alleged." - Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007).

2. The Affiant has not only alleged, but he has proven out in numerous Affidavits, Petitions, Notices & Writs filed to the records of both the Lower State District Court and the Higher US Federal District Court of Record, the following violations of his Constitutional rights by several State actors operating under the Color of State Law in connection with his false arrest for an alleged aggravated assault on not one, but two "peace officers!"

- Failing to prosecute the Affiant within the required 72 hours of his false arrest;
- Failing to provide the Affiant with his "Due Process of Law;"
- Committing multiple violations against the Affiant's natural, unalienable, commercial, and Constitutional rights under Color of State law, pursuant Title 42 USC 1983;
- Proceeding against the Affiant and violating his rights for purposes of concealing the State's Criminal trespasses, kidnapping, falsifying "Incident Reports," the Criminal Complaint, "and the notorious "Rap sheet" authored by Joanna Arredondo; and falsifying Affiants arrest, and wrongful imprisonment;
- Committing fraud on the State Court by filing false affidavits, and hearsay evidence submissions

Primary State Failures:
1. Failure to produce any victims injured by the Affiant!
2. Failure to produce any legislative authority to assume subject matter jurisdiction from
3. Failure to produce any video footage of the conduct of the Affiant.

to an Ad Hoc Expost Facto Grand Jury assembled by DA Esquibel to cover for Hunter;

- DA Hunter & Esquibel tampering with exculpatory evidence, tampering with witnesses, and tampering with the Grand Jury to induce prejudice, bias, and to solicit a "False Bill of Indictment" from the Grand Jury;
- Obstructing commerce, free trade, and justice, and acting in contempt of the US Supreme Court; abuse of power & office;
- Filing a criminal complaint that fails to state a claim upon which relief may be granted;
- Violating provisions of 28 USC 455, which pertain to disqualifications of Federal judges, and that; ALL judges are Federal under 28 USC 636;
- Failing to protect the Affiant's life & properties, which is the State's fiduciary obligation & duty;
- Concealing, hiding, suppressing Affiant's Medical Records, all of which are exculpatory in nature;
- Concealing Affiant's "Competency Exam" from the Court that ordered same;
- Operating a Monopoly over the US Mail Service & OCDC Commissary Services by one known as "Mayors;"
- Joanna Arredondo's suppression & concealment of Dr. James Well's "Fit for Incarceration Script" authored on 22 Sept. without Wells having performed any such exam;

Acting as a "Peace Officer" by a "Judicial officer" is an act of Impersonation and a Class 3 Felony! It is also a clear violation of the Separation of Powers Act! "FRAUD VITIATES ALL CONTRACTS!"

3. Relief & Remedy Sought:

The Affiant, in fair compensation for all injuries related to his false arrest, kidnapping, wrongful imprisonment, and lack of adequate & proper medical care, is seeking $1086.- per minute for each & every minute since his initial detention and up to the minute of his release, with Tort Damages of 3x's against each of the three corporate entities; ie Otero County, the Twelfth Judicial District, and the State of New Mexico, and each of the individual defendants;

- Injuries include all known & unknown physical, mental, emotional, financial, commercial, and lawful damages, and all may be infinite in nature;
- The Affiant's medical records will prove out that none of Affiant's injuries were self-inflicted as falsely asserted by Arvadando or opposing counsel, which is the reason Esquibel & Arvadando do Not want those records released;

4. The Affiant's Petition for "Default & Summary Judgment" has survived the US District Court's screening, pursuant Dews v. Cty of Kern, 599 App'x 681, 682 (9th Cir. Mar. 27, 2015), otherwise US District Court would not have allowed

the Affiant the opportunity to submit an Amended Claim under 28 USC 1915, in spite of FrCP Rule 56, which is contrary to the First Amendment and contrary to the intent & spirit of the US Constitution;

— The Affiant's Claim of Relief & Remedy thru a "Default & Summary Judgment" survived because Affiant is the "Holder in Due Course" of the most Superior Claim of Entitlement which is his Declaration of being among the Living, and not among those Lost at Sea, and that, any & all Claims and/or Complaints made by the State or Judiciary are INFERIOR CLAIMS upon which NO remedies can be granted or awarded, pursuant FrCP Rule 12(b);

5. The Affiant's Claim, thus, exceeds the criteria of FrCP Rule 10, where there is NO required formatting, or set rule of the number of words or pages allowed, — FrCP Rule 8(a), which would require "a short and plain statement of the grounds for relief," though desired, is in direct contradiction to the First Amendment, and a direct violation of the "Intent & Spirit" of the Constitution. [See Marbury V. Madison]

6. The very "First Defect" & "Fatal Flaw" of David Hunter's & David Sanchez false arrest of the Affiant was his impersonation of a "Law Enforcement Officer," when his Official office was that of a "Judicial Officer,"

The primary wrongdoer, prosecutor for David Hunter, may have had immunity from prosecution under Title 42 USC 1983, had he acted in connection with the judicial process, but to have initiated prosecution with the affiant's false arrest & in RE-presenting the State, he surrendered his immunity!

and where he chose to use an "electronic notice" or "hearsay evidence" of an Out-of-state Warrant from Colorado, which was fully defunctive, non-binding & unenforceable, as it was issued as a form of retaliation & reprisal for the Affiant's research & exposure of criminal activity in Colorado.

— Of Critical Importance: On 10 October, 2017, Colorado was given Thirty (30) Days) to extradite the Affiant, yet no such "Warrant of Extradition" has been served. This "inaction" is reflective of Colorado's unwillingness & inability to prosecute the Affiant, and lends evidence to the Affiant's claims that Colorado has also violated his Constitutional rights, no differently than the state officers of New Mexico; Leaving only the Local case #D-1215-2017-CR-00473 open for dismissal;

7. Given the State, nor its officers are sueable entities, and in being mere fictions, neither can they bring suit, as per Penhallow vs. Doanes (1881), and the XI Amendment prohibitions against commencing any actions against the Affiant under Title 42, Section 1983.

And, that:

8. Given the Fact that the State's leading witness against the State, is no longer able to bear witness & give testimony against the Affiant.

the State & Judiciary are encouraged & advised to dismiss & withdraw its false charges, allegations, and presumptions against the Affiant, as the Lead Witness's reputation & credibility are now at Zero, or worse!!

9. Given the loss of the State's star witness against the Affiant, this Lower District Court of Record is also encouraged & advised that the State's case against the Affiant is no longer tenable or winnable, and that, this Court has an obligation & duty to order the District Attorney to withdraw its case immediately, and that the Court release the Affiant at once, and restore all of his rights, properties, papers & effects to him without further sale, denial, delay, or obstruction!

It is the Petition & Prayer of the Affiant that God's Grace & Mercy be upon your minds, your hearts, and in your hands, in restoring the Affiant to his wife & family.

[signature] ©
All Rights Retained & Reserved
Paramount Secured Party Creditor
Holder in Due Course
Non-Resident Alien
Non-US Domestic
Protected Witness - 18 USC 3771

The XI Amendment strictly forbids & prohibits either Hunter or Esquibel from acting under the Color of State Law to have "commenced actions against the affiant in any Court of law or equity," based on their oaths of office to a foreign government & Power, whose headquarters are in London, England!

Curry; Steven Duane (C)
OCDC C-101 #38970
Alamogordo, NM [88310]

EL PASO TX 798

17 JAN 2018 PM 2 L

DETENTION CENTER
INMATE CORRESPONDEN

RECEIVED
At Albuquerque NM
JAN 19 2018
MATTHEW J. DYKMAN
CLERK

Critically Important!
LEGAL MAIL!!
Please Expedite Delivery!!

To: OCDC ADMINISTRATION & COUNTY COMMISSIONERS
c/o Matthew J. Dykman
Clerk of Court
US Federal District Court, Rm #270
333 Lomas BLVD, NW
Albuquerque, NM 87102

Federal Case #2:17-CV-01079 RB-GLF

87102$2272