# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN DUANE CURRY,

    Plaintiff,

v.                                                                  No. 2:17-cv-1079 RB-GJF

STATE OF NEW MEXICO, et al

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Steven Duane Curry's Amended Complaint (Doc. 36), supplemented by approximately 21 appendices, affidavits, and similar filings. Also before the Court is Curry's Motion to Amend Complaint. (Doc. 55.) Curry is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the Amended Complaint for failure to state a claim. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

Curry filed his original complaint on October 30, 2017. (*See* Doc. 1.) The complaint alleges the State of New Mexico and other actors violated his constitutional rights in connection with his arrest and prosecution for aggravated assault on a peace officer. (*See id.* at 1; *State v. Curry*, D-1215-CR-2017-00473.[1]) The original complaint is primarily directed at District Attorney David J. Hunter, who prosecuted his criminal case. Examples of Hunter's alleged wrongdoing include fraud, witness tampering, obstruction, and kidnapping. (*See* Doc. 1 at 2–4.) The complaint seeks money damages for his incarceration and for injuries to Curry's head, neck,

---

[1] The Court took judicial notice of the State Court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter*, No. 02-4157, 2003 WL 22422416 (10th Cir. 2003) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

back, and finger. (*Id.* at 4.) Following the initial complaint, Curry filed over 20 supplements, appendices, letters, and affidavits, which averaged about 30 pages each. (*See* Docs. 4–8; 11–26.)

By a Memorandum Opinion and Order entered January 3, 2018, the Court struck the supplemental filings and dismissed the complaint. (*See* Doc. 27.) The Court explained that consideration of hundreds of pages of supplemental filings would impede the screening function under 28 U.S.C. § 1915. With respect to the complaint, the Court noted that Curry failed to name a defendant subject to liability under 42 U.S.C. § 1983, as the State is not a "person" and the district attorney has prosecutorial immunity. *See McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991). The Court also explained that any claims that would necessarily imply the invalidity of his conviction or sentence were barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given 30 days to file *a single amended complaint* on the Court's official § 1983 form. (*See* Doc. 27 at 8.) The Memorandum Opinion and Order provided guidance about what the amended complaint must allege to survive initial review. The Court warned that any amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). The Court also emphasized that Fed. R. Civ. P. 8(a) requires a short and plain statement of the grounds for relief, rather than a long, prolix submission "filled with unnecessary legal arguments." *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Curry filed an Amended Complaint on January 17, 2018. (*See* Doc. 36.) Once again, the Amended Complaint is primarily directed at District Attorney Hunter. (*See id.* at 1–3.) Curry also references Defendants David Sanchez, James Walsh, Roxanna Esquibel, Esquibel's sister, and

Joanne Varradondo, but the extent of their wrongdoing, if any, is unclear. (*Id.* at 2.) The Amended Complaint merely alleges that Sanchez "criminal[ly] trespassed upon [Curry's] private property" without a valid search warrant and colluded with the others to "deny, derail, subvert, usurp, convert, and obstruct [Curry's] natural, unalienable . . . rights." (*Id.* at 2, 5.) The remaining allegations, which reference international criminal enterprises, ISIS, and Al-Qaeda, are not tied to any particular defendant. (*Id.* at 3–5.) Based on this information, there is no way to determine exactly "*who* is alleged to have done *what* to *whom*," or whether any alleged constitutional violations were sufficiently serious. *Robbins*, 519 F.3d at 1249–50.

Contrary to the Court's earlier warning, the Amended Complaint is also accompanied by about 21 supplemental filings. (*See* Docs. 37–57.) Like before, most are illegible and/or unrelated to the Amended Complaint. One supplemental filing, which the Court construes as a Motion to Amend, seeks to "add Dr. Gina Gagan to the list of criminals named" in the action because her "words . . . prejudiced [his] attempts to be released" from prison. (*See* Doc. 55.) The Court grants the Motion, but finds the supplemental allegations still fail to state a claim under § 1983. *See Buford v. Leck*, No. 92-6405, 1993 WL 125412 (10th Cir. Apr. 20, 1993) ("[W]ords alone, no matter how reprehensible, are not sufficient to state a constitutional violation."); *Harris v. Rocchio*, No. 97-1020, 1997 WL 787185, at *3 (10th Cir. Dec. 24, 1997) ("Insensitive words do not amount to an Eighth Amendment violation."). The Court will strike the remaining supplemental filings (Docs. 37–54; 56–57), which, in any event, do not change the outcome of this case.

Based on the foregoing, the Court concludes the Amended Complaint fails to state a cognizable claim under § 1983. The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). Such dismissal counts as a strike under

the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons*, 635 F.3d 1172, 1176–77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Curry that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IT IS HEREBY ORDERED that Curry's Motion to Amend (Doc. 55) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted;

IT IS FURTHER ORDERED that judgment will be entered in favor of Defendants on all claims;

IT IS FINALLY ORDERED that a strike is IMPOSED against Plaintiff Steven Curry under 28 U.S.C. § 1915(g).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE